UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -x

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,    :

                PLAINTIFF,    :

      - v. -    : 09 Cv. 3862 (SCR)

HILTON HOTELS CORPORATION N/K/A HILTON    :
WORLDWIDE, ROSS KLEIN AND AMAR LALVANI,
                                  :

               Defendants.
                                  :
- - - - - - - - - - - - - - - - - - - - - - -x

GOVERNMENT'S MEMORANDUM OF LAW IN
SUPPORT OF APPLICATION TO INTERVENE AND
FOR A STAY OF DISCOVERY

                                          PREET BHARARA
                                          United States Attorney
                                          Southern District of New York
                                          *Attorney for the United States*
                                                  *of America*

Maria E. Douvas
Janis M. Echenberg
Lee Renzin
Assistant U.S. Attorneys
   - *Of Counsel* -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - -x

STARWOOD HOTELS & RESORTS WORLDWIDE, INC.,      :

                PLAINTIFF,                      :

        - v. -                                  : 09 Cv. 3862 (SCR)

HILTON HOTELS CORPORATION N/K/A HILTON          :
WORLDWIDE, ROSS KLEIN AND AMAR LALVANI,
                                                :
                Defendants.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - -x
```

GOVERNMENT'S MEMORANDUM OF LAW IN
SUPPORT OF APPLICATION TO INTERVENE AND
FOR A STAY OF DISCOVERY

PRELIMINARY STATEMENT

The United States of America, by and through the United States Attorney for the Southern District of New York ("the Government"), respectfully submits this memorandum in support of its application (i) to intervene in this case, pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, and (ii) to stay discovery in order to protect the substantial public interests at stake in a substantially related, overlapping criminal investigation currently pending in the Southern District of New York. The facts and circumstances that underlie the case pending before this Court form the basis of a criminal investigation of Hilton Hotels Corporation n/k/a Hilton Worldwide ("Hilton"), Ross Klein ("Klein") and Amar Lalvani ("Lalvani").

The parties in this case consent to the Government's

application to intervene, and defendants Hilton, Klein, and Lalvani consent to a limited stay of discovery for a duration of six months. However, plaintiff Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") objects to the limited stay of discovery.

## BACKGROUND

On April 16, 2009, the plaintiff filed the instant Complaint (the "Complaint"),[1] which is based on very similar conduct to that which the United States Attorney's Office for the Southern District of New York (the "Government") is investigating. In particular, the Complaint alleges that the defendants improperly obtained documents and electronic information from Starwood, including confidential and/or trade secret information, and used that information in the development of Hilton's Denizen Hotels brand.

Shortly after the filing of Starwood's complaint, the Government initiated an investigation into these allegations. Among other things, the criminal investigation seeks to determine whether there have been any violations of various federal criminal statutes, including, but not limited to, Title 18, United States Code, Sections 371 (conspiracy), 1030 (fraud in connection with computers), 1832 (theft of trade secrets), and 2314 (interstate transportation of stolen goods).

---

1. The Complaint was subsequently amended on January 14, 2010.

2

During the course of the Government's criminal investigation, certain individuals have been interviewed by prosecutors and Special Agents of the Federal Bureau of Investigation, and documents, as well as other types of information, have already been provided to the Government. Moreover, in the next several months, the Government anticipates conducting additional interviews of other potential witnesses in the Government's investigation, and receiving additional documents relevant to that investigation. Based on current information and the progress of the investigation thus far, the Government seeks a six month stay of discovery at this time.

## ARGUMENT

The Government seeks a stay of discovery pending resolution of the criminal investigation. A stay is appropriate, because, among other things, the plaintiff in this action has actively pursued discovery with a view towards finding out what has occurred between various witnesses and the United States Attorney's Office. Moreover, potential defendants in the criminal case would otherwise be able to use the broad civil discovery rules to obtain information that they could not obtain in the criminal case and then tailor their testimony and defenses to conform with the Government's proof. Finally, as Judge Rakoff noted in granting a stay of depositions of criminal defendants, "there is a high likelihood that invocations of the Fifth

Amendment privilege will play havoc with the orderly conduct of all . . . of these depositions." United States v. Saad, 229 F.R.D. 90, 91 (S.D.N.Y. 2005). In this case, the risk that both parties could "play havoc" with the discovery process is equally salient. Accordingly, a stay is warranted.

A.  **The Government Should Be Granted Permission to Intervene**

The Government seeks to intervene in this case under Rule 24 of the Federal Rules of Civil Procedure. Rule 24(a)(2) provides for intervention as of right when the movant "claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(b)(2) provides for permissive intervention when the movant "has a claim or defense that shares with the main action a common question of law or fact." The Government respectfully submits that its application satisfies both of those provisions.

Here, the Government has a direct and substantial interest in the subject matter of this litigation, which substantially parallels the facts that the Government is investigating. Specifically, the Government has a "discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). In Chestman, the Second Circuit held that the

4

District Court had not abused its discretion in permitting intervention by the Government under either Rule 24(a) or (b). The Government's interest in upholding the public interest in enforcement of the criminal laws cannot be protected adequately by the existing parties in this civil litigation. The private parties cannot represent the Government's interests with respect to the investigation and enforcement of federal criminal statutes. See Bureerong v. Uvawas, 167 F.R.D. 83 (C.D. Cal. 1996) ("the Government's prosecutorial and investigative interest is not adequately protected by any of the civil parties . . . . Clearly neither the plaintiff nor the defendants have this identical interest.").

As a general rule, courts "have allowed the government to intervene in civil actions--especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (E.D.N.Y. 1992); see SEC v. Downe, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *10 (S.D.N.Y. Jan. 26, 1993) (permitting Government to intervene under Rule 24(b)(2) in context of criminal investigation and stating that it "is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact") (citing SEC v. Chestman, 861 F.2d at 50); Kaiser v. Stewart, Civ. A. 96-6643,

1997 WL 66186 (E.D. Pa. Feb. 6, 1997) (granting intervention); Thornhill v. Otto Candies, Inc., Civ. A. No. 94-1479, 1994 WL 382655 (E.D. La. July 19, 1994) (granting intervention under Rule 24). The Third Circuit has noted that "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is ... already underway that involves common questions of law or fact." United States v. Mellon Bank, 545 F.2d 869 (3d Cir. 1976); see also Governor of the Fed'l Reserve System v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991); First Merchants Enterprise, Inc. v. Shannon, No. 88 Civ. 8254 (CSH), 1989 WL 25214 (S.D.N.Y. Mar. 16, 1989).

Because civil discovery may, as a practical matter, impair or impede the Government's ability to protect its interests in the enforcement of federal criminal law, the Government respectfully submits that its application to intervene should be granted. See SEC v. Chestman, 861 F.2d at 50.

B.   **This Court Should Grant a Stay of Discovery**

   1.   **Applicable Law**

This Court has the inherent power to stay discovery in the interests of justice pending the completion of the Government's investigation and any subsequent proceedings. See Landis v. North American Co., 299 U.S. 248, 255 (1936); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); United States v. Any

And All Assets Of That Certain Business Known As Shane Company, 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("Shane Company") ("Court has authority to stay civil proceedings pending the resolution of criminal investigations"). Indeed, courts have granted applications by the Government to stay parallel civil proceedings in order to protect a pending criminal investigation prior to and after indictment. See, e.g., Shane Company, 147 F.R.D. at 101-102 (granting stay of discovery in civil forfeiture action pending federal criminal grand jury investigation involving same and related facts); Downe, 1993 WL 22126, at *14 (granting stay of SEC enforcement action pending federal grand jury investigation); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

Courts have granted discovery stays even when civil defendants were not charged criminally. See, e.g., Shane Company, 147 F.R.D. at 101-102 (granting stay of discovery in civil forfeiture action pending federal criminal grand jury investigation involving same and related facts); Downe, 1993 WL 22126, at *14 (granting stay of SEC enforcement action pending federal grand jury investigation); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966)

("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter"); Board of Governors of Federal Reserve System v. Pharaon, 140 F.R.D. 634, 641 (S.D.N.Y. 1991) (stay granted pending grand jury investigation in New York involving defendant); SEC v. Control Metals Corp., 57 F.R.D. 56, 57 (S.D.N.Y.1972) (staying civil action pending grand jury investigation); see also United States v. Hugo Key and Son, Inc., 672 F. Supp. 656, 658-59 (D.R.I. 1987) (staying civil action while Department of Justice considered bringing criminal proceeding based on certain allegations that were the subject matter of the civil claim). For example, in SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618 (S.D.N.Y. Feb. 27, 2003), Judge Kaplan granted a discovery stay pending the completion of a grand jury investigation. Id. at *2. Similarly, in SEC v. Downe, 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993), Judge Leisure stayed the deposition of a cooperating witness, even though no defendants had yet been indicted. Id. at *13.

   2.   **Discussion**

In this case, the Government's requested stay is appropriate for several reasons. First, Starwood has sent discovery requests that seek to determine the types of presentations and arguments made to the United States Attorney's Office as well as the categories of documents sought by the

Government in connection with its investigation. Specifically, it has come to our attention that Starwood has subpoenaed the following: (1) all documents concerning communications between the defendants concerning the criminal investigation; (2) all documents reflecting communications with "the Office of the United States Attorney"; (3) "Copies of all . . . subpoenas served in connection with the . . . Investigation, and all documents that have been provided to the Office of the United States Attorney for the Southern District of New York in connection with the . . . Investigation."; (4) "All documents concerning communications between [a defendant], or anyone acting on behalf of [a defendant], and the Office of the United States Attorney for the Southern District of New York concerning Starwood Information"; (5) "All documents concerning communications between any Former Starwood Employee, or anyone acting on behalf of them, and the Office of the United States Attorney for the Southern District of New York concerning Starwood Information"; and (6) "All documents concerning any common interest privilege or other joint privilege claimed as between or among [a defendant] and anyone concerning matters raised by . . . the . . . Investigation."

These types of requests effectively allow civil litigants to use the criminal process in a manner that is not consistent with the interests of justice. Significantly, these requests have directly impaired, and will continue to impair, our

Office's ability to obtain full and complete information from certain witnesses who are essential to our investigation - not all of whom have significant (if any) criminal exposure - making a limited stay of discovery particularly warranted in this case. See generally S.E.C. v. Beacon Hill Asset Management LLC, 2003 WL 554618, at *1 (S.D.N.Y. February 27, 2003) (granting the government's motion for a stay in part because of "clear evidence that [the defendant] [wa]s avidly pursuing discovery in this action with a view to finding out what has passed between various entities and the United States Attorney's office").

Second, such discovery would likely make available to any potential criminal defendants information that lies well beyond the narrow scope of criminal discovery. Compare Fed. R. Civ. P. 26(b) with Fed. R. Crim. P. 16. As courts have observed, the Government "has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); see SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618, at *2 (S.D.N.Y. Feb. 27, 2003) (staying, among other things, depositions and interrogatories directed at Government witnesses); Phillip Morris Inc. v. Heinrich, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under

criminal discovery rules"); Shane Company, 147 F.R.D. at 101-02 (granting stay in civil case pending grand jury investigation because "the same evidentiary material likely will be involved" in both matters, and thus discovery "could interfere with the government's criminal investigation"); Downe, 1993 WL 22126 at *12-13. Depositions and interrogatories at this point in time would effectively provide an end-run around the constraints imposed by Fed. R. Crim. P. 16 and the Jencks Act, 18 U.S.C. § 3500.

Third, potential disclosure of the substance of testimony from witnesses would also facilitate any potential efforts by criminal defendants to manufacture evidence and tailor their testimony and defenses to conform with the Government's proof.

Fourth, depositions and interrogatories could impair the usefulness of any witnesses whom the Government expects to call at any criminal trials arising from its investigation. Providing a preview of such testimony and then subjecting those witnesses to searching cross-examination at depositions could impact their usefulness at any future trial. See generally In re WorldCom, Inc. Securities Litigation, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2003) (observing that United States Attorney "has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses").

Finally, allowing the criminal cases to proceed ahead of the civil actions may result in a narrowing of the factual and legal issues before this Court. <u>Volmar Dist., Inc. v. New York Post Co., Inc.</u>, 152 F.R.D. 36, 40 (S.D.N.Y. 1993); <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 120 (E.D.N.Y. 1985). Accordingly, the interests of judicial economy are better served by the limited stay the Government seeks.

In sum, the Government will suffer irreparable prejudice if the parties are permitted to obtain civil discovery prior to the conclusion of the Government's criminal investigation. It would be exceedingly unfair to permit the litigants to reap the fruits of the Government's investigation to obtain discovery that may jeopardize both the investigation and any future prosecution. Furthermore, premature disclosure of witnesses' testimony or statements may provide the defendants and/or other witnesses with the means to manufacture evidence or tailor defenses to fit the Government's proof. The ongoing criminal investigation must be permitted to proceed unimpaired by premature disclosure of discovery the defense would not be entitled to in any criminal case. The public interest in enforcement of the criminal laws outweighs the civil litigant's desire to proceed with discovery in a particular sequence.

Accordingly, the Government respectfully requests that the Court impose a stay of limited duration for a period of six

months. The Government believes that granting a six month stay of discovery would protect the interests of the public, while at the same time not unduly delaying the determination of the above-titled action or prejudicing the substantial rights of any of the litigants. See SEC v. Downe, 1993 WL 22126 at *14; SEC v. Beacon Hill Asset Management LLC, 2003 WL 554618, at *1 (granting four-month stay of discovery pending criminal investigation).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court grant its application to intervene and to stay discovery for a period of six months.

Dated:   New York, New York
         February 19, 2010

>                  Respectfully submitted,
>
>                  PREET BHARARA
>                  United States Attorney
>                  Southern District of New York
>
> By:    _/s/_____
>        Maria E. Douvas/Janis M. Echenberg/Lee Renzin
>        Assistant United States Attorneys
>        (212) 637-2327/2597/2723

cc:  Daniel J. Fetterman, Esq. (counsel for Hilton)
     Charles A. Gilman, Esq. (counsel for Starwood)
     Christopher J. Morvillo, Esq. (counsel for Lalvani)
     Ronald J. Nessim, Esq. (counsel for Klein)